IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOEL LEWIS, JR.** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 17-00431-WS-N** |
| | ) | |
| **PEACOCK PAVERS** | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

On September 26, 2017, this matter was transferred to this district from the United States District Court for the Northern Division of Alabama. (Doc. 17). Upon review of the record and for the reasons discussed herein, the Court **RECOMMENDS** that the Complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915 for failure to state a claim.

### I.     STANDARD OF REVIEW

*Pro se* Plaintiff Joe Lewis, Jr. (hereinafter "Plaintiff") was permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). (Doc. 4). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of

success and dismiss the complaint before service of process. *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir.1993) (per curiam). Further, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Leonard v. FBI*, 405 F. App'x. 386, 387 (11th Cir. 2010)(per curium)(citing *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir.1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (internal citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, this Court construes *pro se* pleadings liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, "this leniency does not give a court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (citations omitted)(overruled on other grounds).

## II.    BACKGROUND

Plaintiff filed his initial complaint on June 7, 2017, and his first amended complaint on June 27, 2017. (Docs. 1,5). Plaintiff's first amended complaint presented claims against (1) unidentified office staff for Swift Lumber, (2) Mike Jaye, (3) Don Gordon, (4) Steve Reynolds, (5) Peacock Pavers, and (6) Swift Lumber.

(Doc. 5 at 1, 5-6). Plaintiff claimed that Defendants discriminated against him by failing to hire him, subjecting him to unequal terms and conditions of employment, retaliating against him, and terminating his employment. (*Id.* at 3). He alleged that Defendants discriminated against him because of his race, color, and gender. (*Id.* at 7). He further asserted that the court had jurisdiction over his claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). (*Id.* at 5).

For the reasons discussed in its July 7, 2017 Memorandum Opinion (Doc. 8), the Court concluded that all claims against Defendants Jaye, Reynolds, Gordon, the office staff of Swift Lumber, and Swift Lumber, contained in Plaintiff's First Amended Complaint, were due to be dismissed without prejudice.[1] Additionally, the Court concluded that Plaintiff should be required to re-plead his claims against Defendant Peacock Pavers before the Clerk of Court effectuated service on that Defendant. The Court specifically cautioned Plaintiff as follows:

> A review of Plaintiff's amended complaint reveals that he has not sufficiently identified the facts that support each of his Title VII claims against Defendant Peacock Pavers. (*See* Doc. # 5). Therefore, the court will direct Plaintiff to file a second amended complaint on or before July 31, 2017. The second amended complaint shall comply with Federal Rules of Civil Procedure 8(a), 8(d)(1), 10(b), and 11(b). Each count in the second amended complaint shall contain no more than one discrete claim for relief. The second amended complaint must also contain allegations of fact which support each discrete claim. Specifically, Plaintiff must set forth each claim he is making against Defendant Peacock Pavers separately, in a short, plain statement, containing allegations of fact and referencing the statute or law under

---

[1] Specifically, the Court dismissed the claims against the individual defendants as a plaintiff cannot sue an individual employee under Title VII, and dismissed the claims against Swift Lumber as Plaintiff had failed to plead that he had filed an Equal Employment Opportunity Commission ("EEOC") charge against Swift Lumber before filing suit against it. (Doc. 8.)

which each separate claim is brought and the relief sought under each separate claim. For example, Plaintiff should separate his race discrimination claim and his retaliation claim into separate counts (and separate paragraphs) and specify which facts support each count. This will enable Defendant to properly respond to each separately numbered claim and allegation. Failure to file a second amended complaint as directed may result in this action being dismissed for failure to state a cause of action upon which relief can be granted.

(Doc. 8 at 5-6, footnotes omitted).  On August 1, 2017, Plaintiff filed his Second Amended Complaint (herein after "SAC"). (Doc. 10).

## III.    ANALYSIS

The SAC fails to comply with the Court's order permitting amendment of the complaint, or to state a claim in several respects. First, the Court's Order permitted Plaintiff to amend his complaint as to Defendant Peacock Pavers and dismissed the individual claims against Defendants Steve Reynolds and Ron Gordon.[2] Despite this, Plaintiff's SAC does not name Peacock Pavers as a defendant. Rather, Plaintiff names only two defendants: Steve Reynolds and Ron Gordon. (Doc. 10 at 2). As Plaintiff's claims against these defendants have already been dismissed, the allegations against Defendants Reynolds and Gordon are due to be **STRICKEN**.

Second, as Peacock Pavers was not properly named as a defendant, and the defendants against whom Plaintiff brings this complaint were previously dismissed, there are no proper defendants named in the SAC. However, even if Peacock Pavers

---

[2] As the Court previously explained, "Plaintiff has included (or sought to include) several individuals -- Jaye, Reynolds, Gordon, and unidentified office staff -- as Defendants in this action. However, the only law cited by Plaintiff in support of his claims is Title VII. (*See* Doc. # 5 at 5). It is well settled that a plaintiff cannot sue an individual employee under Title VII. *E.g.,Albra v. Advan, Inc.*, 490 F.3d 826, 832 (11th Cir. 2007). Thus, Plaintiff cannot bring a Title VII claim against Jaye, Reynolds, Gordon, or any individual employee in Swift Lumber's office staff. Therefore, these Defendants are due to be dismissed without prejudice from this action." (Doc. 8 at 4).

4

had been properly listed as a defendant, the complaint is due to be dismissed for failure to state a claim.[3]

Though not clearly alleged, as Plaintiff's previous complaints were brought pursuant to Title VII, it appears his SAC also relies on Title VII, which prohibits discrimination on the basis of race, color, religion, sex, or national origin in a variety of employment practices. *See Walker v. NationsBank of Fla., N.A., 53 F.3d 1548, 1555 (11th Cir.1995)*. Plaintiff appears to be raising a claim that he was terminated on the basis of race. (Doc. 10 at 9). [4] Rather than providing "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, Plaintiff's complaint is incoherent.

Even if the complaint is liberally construed to infer an allegation of discrimination, Plaintiff has failed to allege any specific facts to support this claim. For example, he did not allege that Peacock Pavers treated similarly-situated employees who were not African American more favorably or that he was replaced by an employee that was not African American. In fact, the complaint seems to

---

[3] Peacock Pavers is not named as a defendant but is referenced generally. (Doc. 10 at 3, Section II. A.).

[4] Plaintiff's complaint is lacking in allegations of jurisdiction or causes of action. His previous complaints shed light on some aspects of his factual allegations, and so, in keeping with the dictates of *Haines v. Kerner*, 404 U.S. 519 (1972) that a *pro se* litigant's pleadings be construed liberally, the Court will refer to the previous complaints as necessary for context.

suggest another African American male was hired after Plaintiff was terminated. (Doc. 10 at 9).

Plaintiff's unintelligible allegations do not state a plausible claim of discrimination. Rather, a plaintiff must allege enough facts to "draw the reasonable inference" that Peacock Pavers' actions were motivated by racial animus. *See Iqbal*, 556 U.S. at 678. A threadbare allegation that an employee believes he was discriminated against because of her race is not enough to "raise a right to relief above the speculative level." *See Id.* (explaining that mere conclusory statements do not satisfy *Twombly's* facial plausibility standard); *Davis,* 516 F.3d at 974.

## III.    CONCLUSION

Upon consideration, the Court finds that Plaintiff has failed to state a claim because his complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred. As Plaintiff has been afforded two opportunities to correct this pleading deficiencies, but has failed to do so, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## IV.    NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this **25th** day of **October 2017**.

                                    */s/ Katherine P. Nelson*
                                      **KATHERINE P. NELSON**
                                      **UNITED STATES MAGISTRATE JUDGE**